nated, and it was also settled that the "bleachers," so called, were originally properly constructed. There is no evidence tending to show that the defendant, when he leased the premises in question, knew or had any reason to believe that they were not suitable and safe for the purposes for which they were leased. Besides, the lessees covenanted and agreed to make all repairs to the buildings (which included the bleachers), grounds, and fences at their own expense. There is no suggestion in the evidence that the lease so made was not made in good faith and for the purpose of investing the lessee with the absolute possession of the same, and the rights and emoluments resulting therefrom. It also appears that the defendant was in no manner interested in the use to which the lessee should devote the premises. Under these circumstances, it seems to me that the decision in the case of Edwards v. New York Central & Hudson River Railroad Company, 98 N. Y. 245, 50 Am. Rep. 659, precludes a recovery by the plaintiff in this action.

I therefore vote for a reversal of the judgment and order appealed from, and for a new trial to the plaintiff, with costs to appellant to abide event.

---

(63 Misc. Rep. 89.)

### BUSH v. NEW YORK LIFE INS. CO.

(Supreme Court, Special Term, New York County. March, 1909.)

1. CONSTITUTIONAL LAW (§ 240*)—EQUAL PROTECTION OF THE LAW—LIMITING INSURANCE BUSINESS.

Insurance Law (Laws 1892, p. 1930, c. 690) § 96, added by Laws 1906, p. 794, c. 326, § 32, entitled "limitation of new business," providing various limitations as to the amount of business which a domestic life insurance company may do, but excepting from the operation of the act" a corporation more than one-half of the outstanding insurance of which on December 31, 1905, consisted of industrial insurance," does not so discriminate between insurance companies as to violate Const. U. S. Amend. 14, guaranteeing equal protection of the law.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 692; Dec. Dig. § 240.*]

2. CONSTITUTIONAL LAW (§ 240*)—REGULATION—CLASSIFICATION OF BUSINESS—LIMITATION OF BUSINESS.

Insurance Law (Laws 1892, p. 1930, c. 690) § 96, added by Laws 1906, p. 794, c. 326, § 32, relating to the limitation of insurance business, but excepting from the operation of the act "a corporation more than one-half of the outstanding insurance of which on December 31, 1905, consisted of industrial insurance," is not an unreasonable classification of insurance companies as to the basis for the regulation.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 692; Dec. Dig. § 240.*]

3. CONSTITUTIONAL LAW (§ 48*)—STATUTES—PRESUMPTIONS IN FAVOR OF VALIDITY.

It is a well-settled rule of constitutional exposition that if a statute may or may not be, according to circumstances, within the limits of a legislative authority, the existence of the circumstances necessary to support it must be presumed.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 46; Dec. Dig. § 48;* Statutes, Cent. Dig. § 56.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by one Bush against the New York Life Insurance Company. Judgment for defendant.

Mayer & Gilbert, for plaintiff.

James H. McIntosh and E. Bright Wilson, for defendant.

O'GORMAN, J.   This action involves the validity of section 96 of the insurance law of the state of New York (Laws 1892, p. 1930, c. 690, as added by Laws 1906, p. 794, c. 326, § 32), which is entitled "Limitation of New Business," and provides various limitations as to the amount of business which a domestic life insurance company may do, but excepts from the operation of the act "a corporation more than one-half of the outstanding insurance of which on December 31, 1905, consisted of industrial insurance." The question involved is whether the discrimination is arbitrary and violative of the fourteenth amendment of the Constitution of the United States, guaranteeing equal protection of the law.

While discrimination so arbitrary as to have no reason to justify it would offend the Constitution, the Legislature has undoubted power to make such classification as it sees fit, provided it affects equally all persons in the class. The equal protection of the laws only requires the same means and methods to be applied impartially to all the constituents of each class, so that the law shall operate equally and uniformly upon all persons in similar circumstances, or, in other words, all persons must "be treated alike under like circumstances and conditions, both in the privilege conferred and the liabilities imposed." Ky. R. R. Cases, 115 U. S. 321, 6 Sup. Ct. 57, 29 L. Ed. 414; Magoun v. Illinois Trust & Sav. Bank, 170 U. S. 283, 18 Sup. Ct. 594, 42 L. Ed. 1037. While the Legislature has wide latitude in classification, however, its power in that regard is not without limitation, for the classification must have some basis, reasonable or unreasonable, other than mere accident, whim, or caprice. There must be some support of taste, policy, difference of situation, or the like; some reason for it, even if it is a poor one. People ex rel. Farrington v. Mensching, 187 N. Y. 17, 79 N. E. 884, 10 L. R. A. (N. S.) 625. The classification of dealers in cigarettes into those selling at wholesale without the state and those selling at retail within the state was sustained on the ground that the two occupations are distinct. Cook v. Marshall County, 196 U. S. 261, 25 Sup. Ct. 233, 49 L. Ed. 471. A classification of sales into those made in an exchange and those made elsewhere was sustained in Nicol v. Ames, 173 U. S. 509, 19 Sup. Ct. 522, 43 L. Ed. 786.

Under the statute in question no limitation is placed upon the amount of industrial life insurance written in any one year. $150,000,000 of new insurance per year is the limit placed upon the business of a domestic life insurance corporation engaged in the ordinary life insurance business. $150,000,000 of new insurance per year, excluding industrial policies, is also the limit placed upon the excepted corporations. In this respect no discrimination is attempted as to the maximum amount of ordinary life insurance policies issued in a year. The statute, however, also makes provision for the doing of a smaller amount of insurance dependent upon the amount of insurance in force,

116 N.Y.S.—67

and the statute in that respect makes a difference between a company issuing ordinary life insurance policies and the excepted corporations. The question arises therefore whether the classification attempted by the statute has a permissible basis. There is a substantial and well-defined difference between a corporation issuing ordinary life insurance policies and a corporation engaged in the industrial insurance business. The businesses are quite distinct. The classification in that respect therefore is not open to criticism under the adjudged cases. While all the life insurance companies may issue the so-called "industrial policies," as well as the ordinary life policies, the larger companies have refrained from engaging in the industrial business, and the ordinary life insurance business of the so-called industrial companies is known to be inconsiderable. The conditions affecting the companies are dissimilar, and the statute gives expression to the public policy of the state, which was designed to place a limitation upon the business of the large companies.

It is said that the reason for the apparent discrimination is found in the circumstance that industrial insurance has not led to such vast accumulations of capital, and does not require such large expenditures to procure business, which conditions have made urgent the imposition of legislative restraints and limitations upon the operations of the large companies. The reasons for the legislation are set forth in full in the report of the legislative committee, whose recommendations led to the enactment of section 96 of the insurance law. The classification appears to be due to conditions carefully examined and thoroughly considered and amply supported by the public policies of the state. It cannot be said therefore that the discrimination is based on arbitrary selection, and every presumption must be indulged in favor of the constitutionality of the legislation. As said by Judge Vann in Farrington v. Mensching, supra:

"The rule governing the subject, as laid down by the Supreme Court of the United States, is that there must be 'some difference which bears a reasonable and proper relation to the attempted classification.' It cannot be 'mere arbitrary selection.' By this we do not understand that great court to mean that the relation must necessarily be 'reasonable and proper,' according to the judgment of reviewing judges, but that the court must be able to see that legislators could regard it as reasonable and proper without doing violence to common sense. In other words, there must be enough reason for it to support an argument, even if the reason is unsound."

In Sweet v. Rechel, 159 U. S. 380, 16 Sup. Ct. 43, 40 L. Ed. 188, it was said that, in determining whether the Legislature in the particular enactment has passed the limits of its constitutional authority, every reasonable presumption must be indulged in favor of the validity of such enactment. It must be regarded as valid unless it can be clearly shown to be in conflict with the Constitution. It is a well-settled rule of constitutional exposition that if a statute may or may not be, according to circumstances, within the limits of a legislative authority, the existence of the circumstances necessary to support it must be presumed.

The statute does not offend the Constitution, and there must be judgment accordingly.